560 S.E.2d 505

**Jackie SCITES and Shauna McCoy, Plaintiffs below, Appellees,**

v.

**Dale MARCUM, Defendant below, Appellee,**

and

**Dennie Cyfers and Naomi Cyfers, Defendants below, Appellants.**

No. 29760.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 9, 2002.

Decided Jan. 25, 2002.

Donald R. Jarrell, Esq., Wayne, for Appellees.

C. Page Hamrick, III, Esq., Charleston, for Appellants.

PER CURIAM.

In this case we are asked to review several orders from the Circuit Court of Wayne County. The orders concluded that no questions of fact existed in the record regarding whether a public right-of-way existed across the defendant-appellants' properties, and concluded that the parties were not entitled to collect damages from one another for losses arising from the parties' actions regarding that right-of-way.

We conclude that material questions of fact remain regarding both the right-of-way and the parties' rights to seek damages, and reverse the circuit court's orders.

I.

This case involves a dispute between property owners in a hollow regarding the existence and location of a right-of-way providing access to various tracts of property.

The plaintiffs, Shauna McCoy and Jackie Scites, are the respective owner and lessor of a 306–acre tract of land which has as its northwestern border the Double Lick Branch of Cove Creek. The defendants below, Dale Marcum, Dennie Cyfers and Naomi Cyfers,[1] are the owners of adjoining tracts of land which have the creek as the southeastern border.

Defendant Marcum's property is the only tract adjacent to a state highway. Access to each of the defendants' land, and up the hollow, is currently by way of a gravel road which parallels Double Lick Branch across the properties of the defendants. The instant case centers on whether there is also access to the plaintiffs' land across the defendants' properties.

The record indicates that in the mid–1990s, the plaintiffs sought to remove timber from their land. Mr. Scites contacted Mr. Marcum, and with his approval poured gravel on the road across Mr. Marcum's land, and may have also continued to pour gravel on the

1. As set forth later in the text, Mr. Marcum settled with all other parties and is no longer a party to this action. Accordingly, only Mr. Cyfers and Mrs. Cyfers are parties to this appeal.

road crossing Mr. Cyfers' land and Mrs. Cyfers' land. Mr. Scites also placed a large pipe somewhere in the creek bed, and buried the pipe in gravel to allow vehicles to cross the creek and otherwise haul timber.

In February 1997, after extensive rains, flooding occurred on the defendants' property, which they blamed on the pipe placed by the plaintiffs in the creek bed. The defendants apparently removed the pipe, and placed a gate across the road to prevent the plaintiffs from crossing the defendants' properties.

The plaintiffs filed a complaint in the instant action on April 1, 1997, seeking to quiet title and/or determine the existence, nature and extent of a right-of-way across the defendants' properties. The plaintiffs also sought damages caused by the defendants' blocking of the roadway, and damages caused by the defendants' removal of the pipe from the creek bed.

In answer to the plaintiffs' complaint, the defendants denied the existence of a right-of-way across their properties. The defendants also filed a counterclaim for damages, contending that the plaintiffs' negligent installation of the pipe in the creek bed caused the creek to be dammed, and caused flooding and damages on the defendants' properties.

The defendants subsequently filed a motion for summary judgment, and at a hearing on that motion[2] a surveyor testified that a 1913 West Virginia Geological Survey map showed "the old county road up to the forks of Double Lick." The surveyor, in later testimony, apparently indicated the road was only ten feet wide. There is some evidence in the record suggesting that a right-of-way might have, at some time, been used in the Double Lick creek bed, from the state highway up the hollow. However, there is also evidence indicating that the state highway has been moved, and that the creek bed has also been moved.

The circuit court rejected the defendants' motion for summary judgment, and concluded that questions of material fact remained for jury resolution. The case proceeded to

trial, but a mistrial was declared when it was learned that a juror had personal knowledge of the case. A new trial began several months later, but before opening statements, Mr. Marcum, acting *pro se,* announced in front of the jury that he had settled with the plaintiffs and other defendants. The circuit court once again declared a mistrial.

Following Mr. Marcum's settlement agreement, the circuit court entered an order on July 20, 1999, accepting and setting forth the settlement with regard to that portion of the gravel road across Mr. Marcum's property. However, the circuit court's order went on to find that from the evidence in the record, "that the only material issue in dispute was the road owned and constructed by Dale Marcum."

In conjunction with the Marcum settlement, the circuit court also ruled from the evidence presented that as a matter of law "a public right-of-way exists" as to an old county road extending "up Double Lick Branch" and that no other factual issue remained for jury resolution. The court ruled that the public right-of-way extended fifteen feet on either side of the center line of the creek—and that the parties could, if they so chose, construct and maintain at their own expense a roadway within that public right-of-way. The circuit court also was of the opinion that "neither party is entitled to damages from the other party."

In essence, it appears that the circuit court granted summary judgment. Subsequent orders by the circuit court, dated February 29, 2000, and March 8, 2000, reiterated the court's conclusion that the right-of-way up the creek was "for a public road," and reiterated the court's finding that the right-of-way extended fifteen feet on either side of the center line of the creek.

The defendants now appeal the circuit court's orders.

## II.

This appeal arises from a circuit court's orders that resulted in the granting of summary judgment, and this Court will treat

---

2. We note that a transcript of this hearing is not in the record before this Court. Accordingly, we

rely upon the parties' briefs for an understanding of the testimony that occurred at that hearing.

the orders as such. Our review is *de novo.* Syllabus Point 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). In reviewing summary judgment, this Court will apply the same test that the circuit court should have used initially, and must determine whether "it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963).

■ In the instant case, both the defendant-appellants and the plaintiff-appellees agree that the circuit court erred in its legal conclusions in entering summary judgment. Both parties agree that genuine issues of material fact remain regarding the existence and location of a right-of-way across the defendants' properties. The evidence in the record does not plainly establish that a right-of-way was established in or beside the Double Lick Branch of Cove Creek, or that any such right-of-way has been maintained throughout the years. Additionally, the parties suggest that the only evidence in the record regarding the width of the right-of-way is the testimony of a surveyor, to the extent that a ten-foot-wide right-of-way existed in 1913. Despite this evidence, the circuit court concluded there was a right-of-way that extends fifteen feet on either side of the center line of the creek.

Furthermore, both parties dispute the circuit court's conclusion that a "public" right-of-way exists on the defendants' land, while at the same time concluding that the parties bear the burden of constructing and maintaining any roadway within that "public" right-of-way.

■ We set forth guidelines for determining whether a right-of-way across private land was "public" in Syllabus Point 4 of *Ryan*

*v. Monongalia County Court,* 86 W.Va. 40, 102 S.E. 731 (1920):

Generally there are but three methods by which the public may acquire a valid right to use land owned by another as and for a public road or highway: (1) By condemnation proceeding, with compensation to the property owner for the damage resulting from such forceful taking; (2) by continuous and adverse use[ ] by the public during the statutory period, accompanied by some official recognition thereof as a public road by the county court, as by work done on it by a supervisor acting by appointment of that tribunal; (3) by the owner's dedication of the land to the public use, or by his consent to such use given in writing, and acceptance of the dedication by the proper authorities.

The mere use of a right-of-way by members of the public will not make it a "public road," unless there is also "some action amounting to' an acceptance of the road as such by public authorities." Syllabus Point 2, *Baker v. Hamilton,* 144 W.Va. 575, 109 S.E.2d 27 (1959). The circuit court's reasoning underlying its conclusion that the right-of-way across the defendants' properties is public is not contained in the court's orders. If a right-of-way truly exists across the defendants' properties, the circuit court should have considered these guidelines in determining whether the right-of-way is "public" in nature.[3]

■ Lastly, the circuit court's orders conclusorily state that "neither party is entitled to damages from the other party." We have stated that when a circuit court grants summary judgment on the claim of a party, the court "must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed." Syllabus Point 3, *Fayette County Nat. Bank v. Lilly,* 199 W.Va. 349, 484 S.E.2d 232

---

**3.** The passage of time and lack of use may preclude a finding that a road, which prior to 1933 was a "county" road, but has not appeared on State highway maps since the State's creation of the highway system in 1933, is a "public" right-of-way. As a federal court recently stated when examining a right-of-way similar to that disputed by the parties in the instant case: "Limited public use of the road since 1933 and the absence of public funds expended on the road's maintenance are insufficient to prove it a public road today." *CSX Transportation, Inc. v. Madison Group, Inc.,* 42 F.Supp.2d 624, 628 (S.D.W.Va. 1999).

(1997). "In other words, the circuit court's order must provide clear notice to all parties and the reviewing court as to the rationale applied in granting or denying summary judgment." 199 W.Va. at 354, 484 S.E.2d at 237. As the circuit court's orders are written, we are unable to discern the court's rationale for granting summary judgment on both the plaintiffs' and defendants' damage claims.

The record in the instant case suggests that a bitter, expensive battle is being waged between the parties. The record also suggests that the circuit court endeavored to resolve the issue between the parties and conclude this lawsuit as fairly as possible. While the record contains evidence that some form of right-of-way might exist across the defendants' property in favor of the plaintiffs, we cannot from the existing record or the circuit court's orders say that the evidence is clear and unrefutable. Hence, it does not appear that summary judgment by the circuit court was a proper tool to dispense with this case.

■ A circuit court should grant a motion for summary judgment "only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963). Based on a review of the record and both the plaintiffs' and the defendants' briefs, we find that genuine issues of fact remain regarding whether a right-of-way for the plaintiffs exists across the defendants' land, the size and location of that right-of-way, and the nature of that right-of-way. We also find the circuit court's orders insufficiently address the issue regarding whether the parties can recover damages from one another. We therefore conclude that the circuit court erred in granting summary judgment, and that the judgment must be reversed.

4. We note, however, that our decision is not intended to affect the parties' settlement with Mr.

### III.

The circuit court's orders dated July 20, 1999, February 29, 2000, and March 8, 2000, are reversed,[4] and the case is remanded for further proceedings.

Reversed and Remanded.